IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL M. SMITH,

    Petitioner,                       No. CIV S-05-1276 DFL EFB P

    vs.

KATHY MENDOZA-POWER, et al.,

    Respondents.                <u>ORDER</u>

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges his conviction and a decision by the Board of Prison Terms finding him unsuitable for parole. On May 12, 2006, the court appointed counsel to represent petitioner. On September 29, 2006, respondent filed a motion to dismiss petitioner's challenge to the guilty plea on the ground that it was second or successive. On October 4, 2006, counsel filed a statement of non-opposition. On October 16, 2006, petitioner filed a motion to relieve his appointed counsel of further representation and to withdraw the statement of non-opposition. This filing also asked the court to appoint one Mike Yellen to provide legal assistance to petitioner. On November 15, 2006, the court recommended that respondents' motion to dismiss be granted and that respondents be directed to answer the claims relating to the finding that petitioner is unsuitable for parole.

The October 16, 2006, order did not address petitioner's request to appoint Mike Yellen as a legal assistant and to withdraw the statement of non-opposition to the motion to dismiss. These requests are resolved herein and for the reasons explained below, both requests are denied.

A party appearing pro se may not delegate his appearance to any other person. L.R. 83-183(a). Only an attorney admitted to practice in this court who has appeared on petitioner's behalf may represent petitioner and accept service of papers for him. L.R. 5-137(b), 83-180(a), 83-182(a). Plaintiff makes no showing that Mike Yellen satisfies these requirements.

A motion, and any opposition or statement of non-opposition, ordinarily may not be withdrawn once the motion is submitted for decision, absent consent of the parties or an order of the court. *See* 60 Corpus Juris Secundum § 41. Respondents' motion to dismiss was submitted for decision on October 27, 2006, 28 days after it was filed. *See* L. R. 78-230(m). More importantly, in their motion, respondents demonstrated that the court lacks jurisdiction to entertain petitioner's challenge to his conviction. *See* 28 U.S.C. § 2244(b). Counsel's statement of non-opposition simply recognizes, as it must, that under existing law the motion must be granted. Any brief in opposition to the motion, if not well grounded in fact and controlling law (or a good faith extension of existing law), subjects the person(s) filing the brief to monetary sanctions. *See* Fed. R. Civ. P. 11(b). Counsel's filing of the statement complied with her ethical responsibilities and Rule 11. Petitioner's dissatisfaction with the facts and controlling law is not grounds for withdrawing the statement of non-opposition.

Accordingly, it is ORDERED that petitioner's October 16, 2006, motion to have Mike Yellen appointed to assist him and to withdraw the statement of non-opposition is denied.

Dated: December 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE