IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL MAURICE SMITH, SR.,<br><br>    Petitioner,<br><br>  vs.<br><br>KATHY MENDOZA-POWER, *et al.*,<br><br>    Respondents. | No. 2:05-cv-01276-JKS-EFB<br><br>ORDER |

   Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

   On November 15, 2006, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Petitioner has filed objections to the Findings and Recommendations.

   Petitioner objects to that part of the Findings and Recommendation that the "parties agree that petitioner challenged the constitutionality of his conviction in a petition filed June 27, 2005, in *Smith v. Borg*, Case No. Civ S 88-1263 EJG JFM" ("*Smith I*").  At Docket No. 38 Petitioner moved to have the Federal Public Defender removed as counsel, withdraw the non-opposition to dismissal of the challenge to his 1984 conviction, and to grant *amicus curiae* status to Mike Yellen.  At Docket No. 40 the Court granted the motion to relieve the Federal Public Defender as counsel.  The Court did not rule on Petitioner's other two requests.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the

Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Whether or not Petitioner concedes that he challenged the constitutionality of his 1984 conviction in *Smith I* is irrelevant. Even a cursory review of the petition filed in *Smith I* reveals that he did challenge his 1984 conviction. Thus, the current petition, to the extent it attacks that conviction, is clearly a second or successive petition. Consequently, Petitioner must obtain authorization from the Court of Appeals for the Ninth Circuit before he may pursue that claim in this Court. 28 U.S.C. § 2244(b)(3).[1] This, Petitioner has not done. However, to the extent that he challenges the denial of parole, it is not a successive petition. *See Hill v. State of Alaska*, 297 F.3d 895, 896-97 (9th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed November 15, 2006, are adopted in full;
2. Respondent's motion to dismiss at Docket No. 14 is GRANTED, in part, and DENIED, in part;
3. Petitioner's claims challenging his 1984 conviction are DISMISSED, without prejudice;
4. Respondents are directed to file and serve an answer to the Petition within 45 days, which answer must be accompanied by any and all transcripts and other documents relevant or pertaining to the determination of the remaining issues presented in the application, *see* Rule 5, Rules Governing Section 2254 Cases in the United States District Courts; and
5. Petitioner's reply, if any, must be served within 30 days after the answer is served.

Dated: February 7, 2008

                                          s/ James K. Singleton, Jr.
                                          JAMES K. SINGLETON, JR.
                                          United States District Judge

---

[1] Because Petitioner filed his petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended § 2244, adding (b)(3).